N. C. ROWLAND, Respondent, v. MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, February 8, 1886.

1. NEGLIGENCE—ACT OF VICE-PRINCIPAL—BUSINESS COMMITTED TO AGENT—LIABILITY:—Where a superior servant employs and discharges the subalterns, and the principal withdraws from the management of the business, or the business is of such a nature that it is necessarily committed to agents, as in the case of corporations, the principal is liable for the neglect and omissions of duty of the one charged with the selection of other servants, in employing and selecting such servants, and in the general conduct of the business committed to his care. Following *Marshall v. Schricker* (63 Mo. 306).

2. —— —— ASSURANCE OF SAFETY BY VICE-PRINCIPAL—EFFECT OF.—An assurance from one representing the master, that the machinery or apparatus being used is all right, and an order from him to his servant to use it, notwithstanding a complaint of the servant as to its sufficiency, amounts to a guaranty of safety, and the master will be liable for any injury then resulting from its prudent use. Following *McGowan v. R. R.* (61 Mo. 532).

8. ON MOTION FOR RE-HEARING—CHARACTER OF REPRESENTATIVE—DUAL CAPACITY.—As to the protection of plaintiff servant, as to the direction and management of the business entrusted to him, the foreman is the *alter ego* of the defendant corporation, and not the plaintiff's fellow-servant. One may act in the dual character of a representative of the master, and as a fellow-servant. Following *Moore v. Wabash, etc., Ry. Co.* (84 Mo. 481).

APPEAL from Jasper Circuit Court, HON. NOAH M. GIVAN, Judge.

*Affirmed.*

The case is stated in the opinion.

ADAMS & BOWLES, for the appellant.

I.   The only act of negligence complained of by plaintiff is that of Neilson, the boss or foreman of a gang of men engaged in the repair of defendant's track.   They were fellow-servants, and in the absence of any negligence in the employment of said Neilson, defendant is not liable for any injury caused by his misfeasance. *Hoke v. R. R.*, 11 Mo. App. 574 ; *Rains v. R. R.*, 71 Mo. 164 ; *Marshall v. Schricker*, 63 Mo. 308 ; *Lee v. Bridge and Iron Works*, 62 Mo. 565 ; *Summerville v. Fish*, 117 Mass. 312 ; *Daubert v. Pickel*, 4 Mo. App. 590 ; *Hamilton v. I. M. Co.*, 4 Mo. App. 565 ; Thompson on Negligence, sect. 34, 38, and cases cited ; Whart. Negl., sect. 224 ; Sher. and Redf. Negl., sect. 86.

II.   The defect of which the plaintiff complains, *i. e.*, that there was one spike yet remaining in the rail, was as patent to him as to any one else, and having failed to observe it he cannot now complain of an injury caused by his failure to do so.   *Wright v. R. R.*, 25 N. Y. 565 ; *Warner v. R. R.*, 39 N. Y. 471 ; *Noyes v. Smith*, 28 Vermont 63 ; *Gilman v. R. R.*, 10 Allen (Mass.) 233.

III.   There was no evidence to support the claim of the incompetency of the foreman, and plaintiff withdrew claim at the trial.

E. O. BROWN, E. C. DEVORE, for the respondent.

I.   The general tendency of the later decisions in this country, both federal and state, is to reject or *qualify and limit* the rule, *exempting* the master from liability to his servants for an injury caused by the negligence of another servant in his employ ; and to hold that the question of liability must be determined on the relation of the servants, the one causing the injury and the other receiving the injury, sustain to each other and to their common employer or principal.   *R. R. v. Fort*, 17 Wallace (U. S.) 368 ; *Ross v. R. R.*, U. S. Sup. Ct., Dec. 8, 1884, not yet reported ; *R. R. v. Collins*, 2 Duer (Ky.) 114 ; *R. R. v. Bowles*, 11 Albany Law J. 110 ; *Corcoran v.*

*Holbrook*, 59 N. Y. 517 ; *Mullen v. Steamship Co.*, 78 Pa. St. 26 ; *R. R. v. Stevens*, 20 Ohio, 416 ; *Brothers v. Carter*, 52 Mo. 352 ; *Whalan v. Centenary Church*, 62 Mo. 514 ; *Lydon v. Marion*, 3 Mo. App. 602 ; *Devany v. Vulcan Iron Works*, 4 Mo. App. 236 ; *Ryan v. Bagsley*, 50 Mich. 179 ; *R. R. v. Fox*, 31 Kansas, 586 ; *R. R. v. May*, 108 Ill. 288.

II. As corporations can only act through superintending officers, the negligence of those officers, with respect to other servants, are the negligences of the corporation. Wharton's Law of Negligence, sect. 232, *a ; R. R. v. Keary*, 33 Ohio St. 201.

III. When the master clothes one of its servants, *whatever may be his rank or station*, with authority to control and direct, employ and discharge servants in his employ, such servant or agent will be regarded as the representative of the master, and not simply as a fellow servant with those he controls and employs in the same general business. *Laning v. R. R.*, 49 N. Y. 521 ; *Corcoran v. Holbrook*, 59 N. Y. 517 ; *Filke v. R. R.*, 53 N. Y. 549 ; *Brickner v. R. R.*, 2 Lansing (N. Y.) 508.

IV. Knowledge of the risk does not prevent a recovery, if the act causing it was done by the express command of the master, or some person whom the master had placed in command over him ; because if he was directed to do the act, and the doing of it did not necessarily expose him to danger, he cannot be said to have had the *particular risk* in contemplation, and did not assume it.

V. The record shows every essential fact necessary to constitute liability.

HALL, J.—This is an action to recover for personal injuries sustained by plaintiff while engaged in the service of defendant as a section hand.

The evidence fully supported the declarations of law given in the case, it having been tried by the court, sitting as a jury.

·The only question is, as to the correctness of those declarations of law. They are as follows :

"1. If the court, sitting as a jury, finds, from the evidence, that one Thomas Neilson was defendant's section foreman and was superintending, for the defendant, the work of taking up and removing the rail in question, and had entire control and charge of, with power to employ and discharge, section hands, and that the plaintiff was subject to his orders and directions, then the said Thomas Neilson was not a fellow-servant with the plaintiff within the meaning of the law, and the said Thomas Neilson's acts and conduct in connection with said work were, and are, the acts and conduct of defendant, so far as this case is concerned."

"2. The court declares the law to be, if the court believes from the evidence that at the time plaintiff was injured he was in the employ of the defendant, as a section hand, and he was in charge of and under the direction of Thomas Neilson, a section foreman, also in the employ of the defendant; that it was the duty of said section foreman to have charge of and direct the work and the manner in which plaintiff was engaged when he was injured; that it was the duty of plaintiff to obey the orders and directions of the section foreman in the performance of the work of removing rails from defendant's railway at the time and place he was injured; that while so engaged, and in obedience to the directions and commands of defendant's section foreman, plaintiff picked up a rail, and was assured by the section foreman, when enquired of if it was free and clear, that it was, and to throw it out, and that it was not free and clear, and by reason thereof, rebounded and flew back upon plaintiff and cut off one of his toes, then plaintiff is entitled to recover against the defendant."

The objections urged by defendant to the declarations of law are: first, that, under the facts therein assumed, Thomas Neilson was a fellow-servant of plaintiff's; second, that the fact that one spike remained in the rail was as patent to plaintiff as to any one else, and that the plaintiff having failed to observe the same, could not complain of any injury caused by such failure.

## I.

In *Marshall v. Schricker et al.* (63 Mo. 308), Judge Hough, who delivered the opinion of the court, reviewed many of the Missouri cases up to that time upon this question, and quoted, in conclusion, with approval, the following language of the opinion in *Malone, adm'r, v. Hathaway* (64 N. Y. 5): "Where a superior servant employs and discharges the subalterns, and the principal withdraws from the management of the business, or the business is of such a nature that it is necessarily committed to agents, as in the case of corporations, the principal is liable for the neglects and omissions of duty of the one charged with the selections of other servants, in employing and selecting such servants, and in the general conduct of the business committed to his care."

The doctrine enunciated in *Marshall v. Schricker et al., supra,* has never been limited in this state. It is not necessary for us, in this case, to decide whether it has been or should be extended. Under its authority we hold that under the facts, assumed in the declarations of law, the existence of which was submitted to the court sitting as a jury, Thomas Neilson was not the plaintiff's fellow-servant, but was the defendant's vice-principal.

## II.

The defendant's second objection is not well made. In *McGowan v. R. R. Co.* (61 Mo. 532), it is said: "If the conductor who quieted the plaintiff's apprehensions of danger, and reassured him of his safety and the sufficiency of the rope, was a vice-principal, acting for and in lieu of, the master in the control of the hands, and the superintendence of the work and machinery, we think the defendant would have been liable, notwithstanding the plaintiff may have believed the rope to be unsafe. An assurance, from one representing the master, that the machinery, or apparatus being used is all right,

and an order from him to his servant to use it, not-withstanding a complaint of the servant as to its suf-ficiency, amounts to a guaranty of safety, and the master will be liable for any injury then resulting from its prudent use." .

The judgment is affirmed.    All concur. .

### ON MOTION FOR RE-HEARING.

Hall, J.—We expressly based our opinion that the plaintiff and Neilson were not fellow-servants, upon the facts stated in the declarations of law and therein sub-mitted to the court for its finding.    Those facts are, that Neilson was the defendant's section foreman, and was superintending, for defendant, the work of taking up and removing the rail in question, and had entire control and charge of the section hands, with power to employ and discharge them, and that plaintiff was subject to his orders and directions, and that while so engaged, and in obedience to the directions and commands of said Neilson, plaintiff picked up a rail, and was assured by said Neilson, when enquired of if it was free and clear, that it was, and to throw it out, and that it was not free and clear, and by reason thereof, rebounded and flew back upon plaintiff and cut off one of his toes.    Those facts, having been found by the trial court, we assumed in our opinion to be true, and under those facts we held that in this case the plaintiff and Neilson were not fellow-ser-vants, and that Neilson was the defendant's vice prin-cipal.    We see no reason for changing our opinion.

In *Moore v. Wabash, St. Louis & Pacific Railway Company* (84 Mo. 481), it was held that a foreman of car repairers, who had sole charge and control of hands employed to repair cars was not the fellow-servant of a car repairer in his charge, and under his control, direc-tion, and command.    In that case, the foreman ordered and directed the plaintiff to repair the draw-head of one · of the freight cars of the defendant, then standing with other freight cars upon the side track, while the cars were detached from any engine.    The foreman promised

plaintiff that he would protect him while repairing the draw-head, and would prevent and keep away other trains and all engines. By the negligent failure of the foreman to keep his promise, the plaintiff was injured. It was held, that, as to the protection of the plaintiff, as to the direction and management of the business entrusted to him, the foreman was the *alter ego* of the defendant, and not the plaintiff's fellow-servant. It was further said : "We recognize the principle that one may act in the *dual* character of a representative of the master, and as a fellow servant. If it had been the duty of the foreman, in this case, to assist, when necessary, in the manual labor of repairing the car, in addition to the other duty of superintending, controlling, and directing such work, and he had gone under the car with plaintiff to assist in repairing it, and by some negligent or unskilful act, while so engaged, injured the plaintiff, the latter could not have recovered without proof of facts which entitle one to recover when injured in consequence of the negligence or unskilfulness of a fellow-servant. Under the circumstances proved in this case, we think that plaintiff and Kisler (the foreman) were not fellow servants."

It may be well to say that the evidence in the case at bar shows that Neilson had been assisting the plaintiff and another section man in taking up the rail in proof, but that at the time referred to in the declarations of law, Neilson did not have hold of the rail. He was three or four feet north of the north end of the rail. It was the north end of the rail about which the plaintiff made his inquiry, and which was not free and clear. We hold, that in assuring the plaintiff that the rail was free, and in ordering the plaintiff to throw the rail out, Neilson was the vice principal of defendant, and not the plaintiff's fellow-servant. As the representative of the defendant, as its *alter ego*, he was directing and managing the work of removing the rail, and was not assisting the plaintiff as a co-laborer in so doing.

With the concurrence of the other judges, the motion for re-hearing is denied.