WILLIAM JUNGEMAN, Respondent, v. THE JOSEPH SCHNAIDER BREWING COMPANY, Appellant.

St. Louis Court of Appeals, December 24, 1889,

For statement of points decided see subdivision 3 and 4, of *syllabi* in case of *Henry Jungeman v. Joseph Schnaider Brewing Company*, *ante*, p. 458.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED.

*H. A. Haeussler*, for the appellant.

*E. A. B. Garesché*, for the respondent.

ROMBAUER, P. J., delivered the opinion of the court.

This is an action for the conversion of a wagon, horses and harness, the property of the plaintiff, by the defendant to its own use. The suit was instituted before a justice of the peace, and the plaintiff recovered judgment for the full amount claimed, both before the

justice and upon trial anew in the circuit court, where the cause was tried by the court without the intervention of a jury.

This is one of three cases referred to in our opinion filed in cause number 4451. There is no evidence whatever embodied in this transcript, but we are referred for it to the evidence in cases numbers 77,974 and 77,773, of. the circuit court, being as we infer cases numbers 4451 and 4453* in this court, which, by stipulation of parties, we are requested to consider in this case "as far as competent and relevant to the issues." We have stated in our opinion in case number 4451, why a practice of this kind is not to be tolerated. Parties indeed may try one cause and stipulate that another may abide its result, where the two causes depend for their determination upon the same evidence or upon the same propositions of law; but parties cannot, by stipulation in one cause, refer the appellate court to the evidence contained in the transcript in another cause, with a request that the court should extract from such other transcript whatever evidence is competent and relevant to the issues under investigation.

There were no instructions asked or given in this particular case. The motion for new trial states that the judgment was against the evidence, and the law, and against the weight of evidence, and that under the evidence the plaintiff was not entitled to recover, and this is all. The defendant's counsel in his brief, as far as he assigns any error whatever, assigns the sole error that the evidence in this case shows an agency on the part of plaintiff's brother, through whom plaintiff claims the property, which the defendant is charged to have converted to its own use, and that the property was bought with defendant's money, and was transferred to the plaintiff in fraud of the defendant, who was one of the creditors of the plaintiff's brother. We

* Of the causes above referred to No. 4451 will be found on page 458, and cause No. 4453 on page 465, of this volume.

have stated in our opinion in case number 4451, that the meaning of the oral contract, between the defendant and the plaintiff's brother, was a question of fact to be found by the court sitting as a jury, and that its finding on substantial evidence was conclusive. How we can possibly review other questions of law, supposed to arise upon this record, in the absence of all instructions, is not apparent. The judgment is affirmed. All the judges concur.