## ATHELIA C. WATSON, Respondent, v. WILLIAM STROMBERG, Appellant.

St. Louis Court of Appeals, November 10, 1891.

1. **Law and Fact**: CONSTRUCTION OF ORAL CONTRACTS. Where the terms of an oral contract are not admitted, it is for the jury to determine what the contract is.

2. **New Trial**: WEIGHING THE EVIDENCE. This court will not grant a new trial on the ground that the verdict is against the weight of the evidence, though the trial court may properly do so.

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

AFFIRMED.

*E. S. Robert,* for appellant.

*Henry Boemler,* for respondent.

ROMBAUER, P. J.—The plaintiff claims that she executed a quitclaim deed to certain lands in consideration of the defendant's promise to pay her $150, if she would do so. Upon the defendant's refusal to pay this sum she brought suit before the justice, and there, as well as upon a retrial of the cause in the circuit court, recovered a verdict for the entire amount claimed. The defendant seeks to vacate the judgment on the sole ground that it is unwarranted by the evidence, and that the court erred in refusing to nonsuit the plaintiff.

The terms of the contract in this case were not reduced to writing. The law is that, where the terms of a contract are not admitted, but are to be ascertained from the oral evidence of witnesses, it is the province of the jury to determine from the evidence what the contract is. *Judge v. Leclaire*, 31 Mo. 137; *Jungemann v. Brewing Co.*, 38 Mo. App. 463. This general rule of course presupposes that there is substantial evidence showing the contract and its terms. After a careful reading of the record we are led to the conclusion, that it does furnish substantial evidence of the contract claimed by the plaintiff. It is true that her testimony is in part disingenuous and evasive, but the credit to be given to it as a whole is not for our consideration. In that regard the province of the trial court and ours is different. Many cases arise wherein the trial court may properly exercise its power in vacating a verdict as opposed to the weight of the evidence, and yet wherein we should not be justified in vacating it on the ground that it was brought about by bias or prejudice, or was unsupported by substantial evidence; and the present cause is of that class.

Here, under proper instructions of the court, the jury found the agreement as claimed by plaintiff, and, as they have done so upon substantial evidence, there was no legal error in refusing to vacate their verdict. We can reverse judgments for legal errors only. Judgment affirmed. All the judges concur.