Louis Kohn *et al.*, Appellants, v. Henry Troll, Sheriff of the City of St. Louis, Respondent.

St. Louis Court of Appeals, November 23, 1897.

Issue: ONUS: CREDIBILTY OF WITNESSES: JURY QUESTION. Where the burden of proving the issue rested upon plaintiffs, and they undertook to discharge the burden by oral testimony alone, it was the duty of the court to submit its credibility to the jury, whose sole province it was to determine that question, where the record did not show that the statements of the witnesses were uncontradicted or conceded to be true.

*Appeal from the St. Louis City Circuit Court.*—Hon. D. D. Fisher, Judge.

Affirmed.

*Sale & Sale* for appellants.

A purchaser is not bound to investigate or to search out the reasons which may move the vendor in

Vol. 72 app—21

making the sale. *Sammons v. O'Neill*, 60 Mo. App. 530.

Instruction number 5 offered by plaintiffs should have been given as applicable to the facts of the case. *Sammons v. O'Neill, supra.*

Where the uncontroverted evidence so clearly proves the issue that it leaves no question in respect to it to be submitted to the jury, what is reasonable time is a question of law. *State ex rel. v. Hall*, 45 Mo. App. 298. See, also, *State to use v. Hellman*, 20 Mo. App. 304, 306, and citations.

An instruction should not be given when there is no evidence upon which to base it. *Sparks v. Brown*, 46 Mo. App. 529; *Sherrell v. Murray*, 49 *Id.* 233; *Wilkerson v. Eilers*, 114 Mo. 245.

The statute (R. S. 1889, sec. 5178) was fully complied with, and there was nothing on that point to submit to the jury. *Huels v. Boettger*, 40 Mo. App. 310; *Claflin v. Rosenberg*, 42 Mo. 439; *Huggins C. & C. Co. v. Ellis*, 45 Mo. App. 585; *Pollard v. Farwell*, 48 *Id.* 42; *Shoe Co. v. Rudy*, 53 *Id.* 196; *State ex rel. v. Flynn*, 56 *Id.* 236.

*Lubke & Muench* for respondent.

To have given the instruction, the refusal of which is first assigned as error by appellants, would have been manifest error. *State ex rel. v Purcell*, 131 Mo. 312.

Defendant's instruction number 3 sets forth the rule of law in this state on the subject of what possession must be taken by the vendee of personal property, which has been repeatedly approved in this state. The question is left to the jury, unless it appears that the steps taken do not amount to a taking of possession. *Claflin v. Rosenberg*, 42 Mo. 439; *Wright v. McCormick*, 67 Mo. 426; *State ex rel. v. Flynn*, 66 Mo.

App. 373, 378; *Shoe Co. v. Rudy*, 53 *Id.* 200; *Pollard v. Farwell*, 48 *Id.* 42.

BOND, J.—This is a contest between an attaching creditor and a purchaser of an insolvent debtor. A bill of sale of a stock of boots and shoes was executed by the debtor to appellants on October 5, 1896. Three days thereafter the creditor attached a portion of the goods, whereupon appellants replevied the property sought to be seized from the officer in charge of the writ. The officer defended the replevin suit on the ground that the bill of sale to appellants was fraudulent, and had judgment in the circuit court, from which appellants appealed to this court.

The only error claimed in the argument in this court is the action of the trial court in giving instruction number 3 for defendant. It is conceded that this instruction stated a correct rule of law under the section of the statute requiring a change of possession in a reasonable time upon all sales of personal property. R. S. 1889, sec. 5178. Appellants, however, contend that, though formally correct, the instruction should not have been given in view of the testimony showing that a change of possession, as prescribed by the statute, had taken place prior to the levy of the attachment by defendant. This theory can not be sustained under the facts shown on the trial. The evidence there as to change of possession was adduced by appellants, and consisted purely of oral testimony of certain witnesses. Granting for the argument that defendant did not introduce other witnesses in contradiction of the testimony given for appellants on this issue, still it must be remembered that the burden of proving such issue rested upon appellants, otherwise their title was void as against the attaching creditor, and when

*Margin note: ISSUE: onus: credibility of witnesses: jury question.*

they undertook to discharge this burden by oral testimony alone, it was the duty of the court to submit its credibility to the jury, it being their exclusive province under our law to determine that question, where the record does not show the statements of the witnesses were undisputed or conceded to be true. *Wolff v. Campbell*, 110 Mo. *loc. cit.* 120. Or, as was said in the case cited: "Ordinarily, where the plaintiff produces parol evidence to support his action, the issue of fact should be submitted to the jury. The evidence may be all one way, yet it is for the jury to say whether they believe the witnesses or not. The court has no right to tell the jury they must believe the witnesses."

The cases cited by appellants are not in point. Most of them merely rule that certain evidence did not show a compliance with the statute as to change of possession. It was necessarily assumed in such rulings that the evidence in question was conceded to be true, and entitled to its fullest probative effect. It is evident upon this assumption that it became the duty of the court to pass upon the sufficiency of such evidence to show a noncompliance with the requirement of the statute. Appellants' contention, however, goes farther than the doctrine of these cases, and would require the court to take away from the jury their right to determine the credibility of oral testimony tending to show a compliance with the statute, and to declare, as a matter of law, that such unconceded testimony showed a full compliance by appellants with the provisions of the statute. From what has been said it is obvious the court would have erred in pursuing such a course.

The other exceptions taken on this appeal are not urged in argument. They relate wholly to the refusal of instructions on behalf of appellants. An examination of these in the light of the record and other in-

structions given, fails to disclose that any error was committed in their refusal.

The judgment herein is affirmed.    All concur.