EDGAR OATHO PARSONS and CLEMENT COOK, Respondents, v. LUKE P. MAYFIELD, Appellant.

St. Louis Court of Appeals, January 18, 1898.

1. **Verdict:** EVIDENCE: SUFFICIENCY. The appellate court will not disturb the verdict of a jury, where there is some evidence to support it, and from a fair construction of all the evidence it was not the result of prejudice or passion.

2. **Negligence:** PLEADING: SUFFICIENCY. An averment of the petition, the obvious sense of which was to charge negligence on the defendant, though grammatically incorrect, was sufficient.

*Appeal from the Knox Circuit Court.*—HON. EDWIN R. McKEE, Judge.

AFFIRMED.

*F. H. McCullough* for appellant.

The court should have sustained plaintiff's demurrer to the evidence. Where negligence is alleged it must be proven, and can not be merely imagined or deduced from surrounding circumstances. *Hunt v. R. R.*, 89 Mo. 607; *Rine v. R'y*, 100 *Id* 234. See, also,

*Lionberger v. Pohlman,* 16 Mo. App. 392; *Borgraefe v. Knights of Honor,* 22 *Id.* 148; *Gas Light Co. v. Ins. Co.,* 33 *Id.* 361; *Price v. Lederer, Id.* 437; *State to use v. Bick,* 36 Mo. App. 114; *Walton v. R'y,* 49 *Id.* 637.

*G. R. Balthrope* and *M. P. Balthrope* for respondents.

The court did not err in overruling defendant's demurrer to plaintiff's evidence. *Taylor v. Scherpe, etc., Co.,* 47 Mo. App. 257; *Herboth v. Gaal, Id.* 255; *Alcorn v. R. R.,* 108 Mo. 81; *Buck v. R'y, Id.* 179; *Burger v. R. R.,* 112 Mo. 238; *Finch v. Ullman,* 105 *Id.* 255; *Gutridge v. R. R., Id.* 520; *Stanfield v. Loan Ass'n,* 53 Mo. App. 595; *Field v. R. R.,* 46 *Id.* 449.

Nor did the court err in refusing the peremptory instruction offered by defendant at the close of all the evidence. *Stewart v. Spartan,* 69 Mo. App. 456; *Cook v. R. R.,* 63 Mo. 397; *Wolf v. Campbell,* 110 *Id.* 114.

There can be no conclusion drawn from the conduct of the jury, under the evidence, that the verdict was obtained by mistake, fraud, prejudice or passion, and this court will disturb it by weighing the evidence on which it is founded. *Walton v. R. R.,* 40 Mo. App. 544; *Bishop v. Hunt,* 24 *Id.* 373; *Wilkerson v. R. R.,* 26 *Id.* 144; *Taussig v. Schields, Id.* 318; *St. Louis v. Lenign,* 97 Mo. 175; *Gas Light Co. v. Ins. Co.,* 33 Mo. App. 348; *Caruth v Richeson,* 96 Mo. 186.

BLAND, P. J.—Mayfield borrowed a Jersey bull from plaintiffs in the summer of 1896, kept him five or six weeks, and returned him home on an extremely hot afternoon in July. The bull was returned by being tied to the hind end of a lumber wagon which was drawn by horses and driven by defendant; the distance traveled was six or seven miles, and the time

taken to make the distance four of five hours, including stops on the way. The bull was returned to Cook's place about 4 or 5 o'clock in the afternoon. After night he was sick and appeared stiff; the next morning he was dead, and Cook testified that from the appearance of the corpse, the bull died from overheat. The bull was in good condition when received by defendant, and in good condition when he started with him on his return, and Mayfield testified that he was in good condition when he arrived with him at Cook's place. There is some evidence tending to show that the bull was very hot while on the road on the return trip; this is countervailed by other evidence that he was in good condition and not distressed by the heat. The evidence tended to prove that the bull, if a good breeder, was worth $100, but if impotent, was worth but very little. The evidence tended to prove that while he was not impotent, he was not a good breeder. The case was tried by a jury, who found the issues for plaintiffs and assessed the damages at $13. Motions for new trial and in arrest were filed and overruled, and judgment rendered on the verdict, from which defendant has duly appealed.

Defendant asked an instruction in the nature of a demurrer to the evidence, which was denied, to which he excepted. His contention here is that VERDICT: evidence: sufficiency. there is no evidence in the record to support the verdict. If there was no evidence, this court should reverse the judgment, but if there was some evidence, although the evidence be but slight, and the weight of the evidence is apparently against the verdict, this court is not authorized to interfere; it was for the trial court to say in such circumstances whether the verdict is the result of passion or prejudice, or whether it is fairly supported by the evidence. We are not prepared to

say there is no evidence of a negligent handling of the bull by the defendant, which produced or contributed to his loss. The fact that the bull was tied behind a wagon and forced to travel six or seven miles in four or five hours on an extremely hot day may have been deemed negligence by the jury; at any rate they had all the facts and circumstances before them, and we will not examine the facts with a microscope in order to overturn the verdict, which in our view upon a fair construction of all the evidence, is not the result of passion or prejudice. The appellant contends that the petition does not state facts sufficient to constitute a cause of action in that there is no averment of negligence. The averment of negligence is that defendant "carelessly and negligently hitched and fastened said bull behind a two horse wagon at his premises aforesaid and by such means pulled and drove *it* unmercifully along the public highways."

The appellant contends that the pronoun *it* after the word drove in the above paragraph refers to the wagon and not the bull. The sentence may not be grammatically correct, but the sense of it is obvious, and it is plain that the bull, not the wagon, is the object toward which the defendant showed no mercy in his pulling and driving. No other errors are complained of and the judgment is affirmed. All concur.

NEGLIGENCE: pleading: sufficiency: