L. E. FINLEY, Respondent, v. ST. LOUIS SOUTHWESTERN
RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, March 1, 1898.

**Testimony, Conflicting.** Where there is nothing in the record, save
the evidence, for review, and such evidence is conflicting, this court
will defer to the findings of the trial court.

*Appeal from the Mississippi Circuit Court.*—HON.
HENRY C. RILEY, Judge.

AFFIRMED.

*W. H. Miller* for appellant.

The only negligence charged is a failure to ring the
bell or sound the whistle on approaching the Edwards
crossing; recovery must be had upon this. ground,
if at all. *Gurley v. R. R.*; 93 Mo. 445; *Capital Bank v.
Armstrong*, 62 Mo. 59; *Buffington v. R. R.*, 72 Mo. 34;
R. S. 1889, sec. 2608. This suit is brought for single dam-
ages for killing stock on a public crossing. Damages
can only be recovered in such cases where the failure
to ring the bell or sound the whistle would have pre-
vented the accident. Sec. 2608, *supra; Giltz v. R. R.*, 65
Mo. App. 445; *Warren v. R. R.*, 59 Mo. App. 367. The
undisputed evidence is that after the animal came upon
the track the accident could not have been averted.
In such cases the plaintiff can not recover, although
the defendant's servants may have been negligent in
failing to have given the statutory signals. Sec. 2608,
*supra; Warren v. R. R.*, *supra*; Thompson on Negli-
gence, 506; *R. R. v. Trotter*, 37 Ark. 593. The proof
in the case at bar without the slightest attempt

at contradiction, shows that the failure to ring the bell or sound the whistle was not the cause of the accident, thus bringing the defendant within the proviso of section 2608, *supra*. Under the law as given by the court, and the facts in this case the judgment can not stand. They are not in harmony. Either instructions number 2 and 3 as given by the court do not state the law, or the judgment must be for the defendant. There is no evidence upon which the judgment of the court can be sustained. Under the undisputed facts the judgment should have been for the defendant.

BLAND, P. J.—This suit was begun before a justice of the peace on the following complaint:

"Plaintiff states that defendant is a corporation organized under the laws of Missouri, and is now engaged in operating a railroad through Ohio and St. John townships in Mississippi county, Missouri.

"That heretofore, to wit, on or about the 8th day of August, 1896, in St. John township, Mississippi county, Missouri, and in an adjoining township to Tywappity township, in which the suit is brought, defendant, by means of his engines and cars operated by its agents and employees, carelessly and negligently ran said engine and cars against and killed one horse of the value of one hundred dollars of the property of the plaintiff, thereby killing said mare and damaging plaintiff in the sum of one hundred dollars, and that at the place where said mare came upon the road and was killed was at the Edwards crossing, and that defendant's agents and employees, operating its said cars negligently ran its train at a greater rate of speed, and negligently failed to sound its whistle or sound its bell, and that in consequence thereof plaintiff's mare

was killed, wherefore he prays judgment for one hundred dollars and his costs."

An appeal was taken from a judgment in the justice's court to the circuit court, where on a trial *de novo* before the court without a jury, plaintiff recovered a judgment for $80, from which the defendant duly appealed to this court.

The evidence is all one way; that the plaintiff's mare was struck and killed by defendant's locomotive at Edwards crossing mentioned in the complaint, which was a public crossing. There was no evidence that the animal was run upon and killed by the actual negligence of the defendant's employees. The negligence substantially charged, and the only negligence plaintiff attempted to prove, was a failure on the part of the engineer or fireman having in charge the engine, to ring the bell or sound the whistle on approaching Edwards crossing. The recovery therefore was had upon section 2608, Revised Statutes of 1889. The engineer in charge of the locomotive and his fireman both testified that the bell was rung and the whistle was sounded as required by the statute, and one of plaintiff's witnesses testified that he heard two short sounds of the whistle. On the other hand, plaintiff and six of his witnesses, all of whom placed themselves in a position where they could and probably would have heard the whistle if sounded and the bell if rung, say that neither was done.

There was evidence both ways. It was conflicting, and this court is not authorized in such circumstances to disturb the verdict of the triers of the fact, whether such verdict was rendered by the jury or by the trial judge, sitting as a jury. *Rennick v. Walton*, 7 Mo. 292; *Glasgow v. Moore*, 9 Mo. 843; *Paddleford v. Dunn*, 14 Mo. 517; *O'Connell v. R'y*, 106 Mo. 482; *Henry v. R'y*,

TESTIMONY conflicting: court will not disturb verdict.

109 Mo. 488; *Bray v. Kremp*, 113 Mo. 552; *State v. Richardson*, 117 Mo. 586; *Dean v. Chandler*, 44 Mo. App. 338; *Smith v. Aude*, 46 Mo. App. 630. All the declarations of law asked for by appellant were given. None were given for respondent. There is nothing in the record save the evidence for review. This being conflicting we defer to the finding of the trial court and affirm the judgment.

All concur.