CHARLES HUTH, Respondent, v. ANTON DOHLE et al., Appellants.

St. Louis Court of Appeals, November 15, 1898.

1. **Practice, Trial:** JURY: CONFLICTING TESTIMONY. Where the facts are disputed, and are such that different conclusions may be drawn from them, or where they admit of different constructions and inferences, the question should be submitted to the jury.

2. **Evidence:** VERDICT: PRACTICE, TRIAL: PRACTICE, APPELLATE. And where there is some evidence, although but slight, to support the verdict, and, notwithstanding the weight of the evidence is against the verdict, yet this court is not authorized to interfere; it is for the trial court, in such circumstances, to say whether the verdict is the result of passion or prejudice.

3. **Master and Servant:** SAFE APPLIANCES. It is the duty of the master to furnish his servant with reasonably safe appliances and tools with which to do his work, and to use reasonable care to keep such tools and appliances in a safe condition.

4. ———: ———: INSPECTIONS. To perform the duty of keeping tools and appliances in a safe condition, reasonable inspections should be made, and tests, also, when necessary.

5. **Master and Servant:** VICE-PRINCIPAL. Where the master knows that repairing was done by a servant, the reasonable inference is that it was done by the master's direction and by a person delegated by him to do it, who, in such circumstances, became a vice-principal.

6. **Evidence:** DEMURRER: INSTRUCTION: PRACTICE, TRIAL. Evidence in the case at bar examined, and it is held that the trial court properly refused defendant's instruction in the nature of a demurrer to the evidence.

| | |
|---|---|
| 76 | 671 |
| 85 | 607 |
| 85 | 644 |
| 76 | 671 |
| 87 | 565 |
| 88 | 34 |
| 88 | 80 |
| 76 | 671 |
| 89 | 311 |
| 76 | 671 |
| 92 | 119 |
| 92 | 120 |

Huth v. Dohle.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

AFFIRMED.

MARTIN & BASS and T. PERCY CARR for respondent.

The master is bound to exercise reasonable care to furnish his servant safe appliances with which to do his work, and to use reasonable care to keep them in good order and condition.    Bender v. Railroad, 137 Mo. 245; Gutridge v. Railroad, 105 Mo. 520; Friel v. Railroad, 115 Mo. 503; Coontz v. Railroad, 121 Mo. 652.    Ordinary prudence in the matter of inspection requires the master to adopt such reasonable tests as are likely to discover the defects in the appliances if they exist.    Gutridge v. Railroad, 105 Mo. 520.    The duty of the master to furnish reasonably safe appliances to his servants is personal to the master.    As between master and servant the former can not relieve himself from his responsibility for furnishing proper appliances and using due care to keep them in proper repair by delegating or leaving such duty to a servant. And the servant to whom such duty is delegated becomes as to such duty a vice-principal, and his negligence is the negligence of the master.    Schaub v. Railroad, 106 Mo. 74; Henry v. Railroad, 109 Mo. 488; Bartley v. Trorlicht, 49 Mo. App. 214; Coontz v. Railroad, 121 Mo. 652.    In questions of negligence, where the facts are of such a character that different conclusions may be drawn from them, or where they admit of different constructions and inferences, the question should be submitted to the jury and the jury may make all reasonable inferences from the facts in evidence.    Norton v. Ittner, 56 Mo. 352; Bell v. Railroad, 72 Mo. 50; Mannerman v. Siemertz, 71 Mo. 104;

Roddy v. Railroad, 104 Mo. 250; O'Mellia v. Railroad, 115 Mo. 205; Nagel v. Railroad, 75 Mo. 665; Scoville v. Railroad, 81 Mo. 434; Petty v. Railroad, 88 Mo. 306; Bender v. Railroad, 137 Mo. 240; Frick v. Railroad, 75 Mo. 542; Coontz v. Railroad, 121 Mo. 652. Where there is some evidence, although it be but slight, to support the verdict, and although the weight of the evidence was against the verdict, still this court is not authorized to interfere. It is for the trial court to say, under such circumstances, whether the verdict is the result of passion or prejudice, or whether it is fairly supported by the evidence. Parsons v. Mayfield, 73 Mo. App. 311; Finley v. Railroad, 73 Mo. App. 643; Coontz v. Railroad, 121 Mo. 652.

THEODORE RASSIEUR for appellant.

The mere fact that the appliance furnished by the master was defective, does not establish negligence on the part of the defendants. There must be substantial evidence that the defendant failed to exercise ordinary care in keeping the appliance in repair. O'Donnell v. Baum, 38 Mo. App. 245; Krampe v. Brewing Ass'n, 59 Mo. App. 277; Breen v. Cooperage Co., 50 Mo. App. 202; Bohn v. Railroad, 106 Mo. 429. Where the facts, unexplained, necessarily lead to the inference that the defendant must have been negligent, negligence may be inferred; but not otherwise. Breen v. Cooperage Co., *supra;* Am. Brewing Co. v. Talbot, 141 Mo. 674. The duty of the defendant to maintain the appliance in a reasonably safe condition, does not mean that he must make a continuous inspection from moment to moment, but only such as is reasonable under the circumstances. Krampe v. Brewing Ass'n, *supra.*

BLAND, P. J.—On September 7, 1897, plaintiff was at work for defendants carrying brick up a ladder to the second story of a building; the ladder rested against a second story porch about fifteen feet high and extended above the porch, resting in an opening intended for a stairway. Plaintiff, with other hod carriers, had been carrying brick up this ladder for something over an hour on the morning of said September 7, when plaintiff in attempting to descend the ladder with his hod on his shoulders, took hold of a rung of that portion of the ladder extending above the porch, with one hand and undertook to swing himself around on the ladder, the rung which he took hold of gave way, and he was precipitated to the ground and received injury in his hip, for which injury the jury awarded him $400. The ladder was constructed of two side bars with grooves cut into them at proper distances, into which the rungs were placed and then nails driven through the side bars and into either end of the rung; this ladder had been used by defendants for some time before the accident, and the evidence was that the rungs of ladders, constructed as this one, would work loose from use, and that the usual and proper way to make the ladder safe was to drive out the old nails and drive in larger ones. One of the defendants, Frank Dohle, testified that on the evening previous to the accident one of the employees (a brick layer) had overhauled the ladder; the rung which gave way showed that the old nails were broken off, and that two new nails (wire ones) had been driven into either end of the rung that gave way. This witness also testified that he noticed no defects whatever in the ladder, and that it was in good condition; that after the accident they nailed the same rung back and had worked on it ever since. There was a plea of contrib-

utory negligence in the answer, to sustain which the defendants offered some evidence tending to show that plaintiff swung his whole weight on the rung of the ladder and thus pulled it out of place, when he should have used his feet and stepped on the ladder. This testimony was contradicted by the plaintiff and by one other witness, from whose testimony it seems that the ladder had to be approached from the side; that to get on it the hod carrier had to take hold of a rung above or about even with his head and then swing his body around in front of the ladder to place himself on it. The plaintiff testified also that he had one foot on a rung when he fell.

The contention of appellants is that the court should have taken the case from the jury as prayed by them at the close of plaintiff's evidence, and also at the close of all the evidence. Where the facts are disputed and are such that different conclusions may be drawn from them, or where they admit of different constructions and inferences, the question should be submitted to the jury. Wharton on Negligence, sec. 425; Bender v. Railway, 137 Mo. 240; Coontz v. Railway, 121 Mo. 652; O'Mellia v. Railway, 115 Mo. 205; Roddy v. Railway, 104 Mo. 235; Nagel v. Railway, 75 Mo. loc. cit. 665. And where there is some evidence, although but slight, to support the verdict, and notwithstanding the weight of the evidence is against the verdict, yet this court is not authorized to interfere; it is for the trial court under such circumstances to say whether the verdict is the result of passion or prejudice. Coontz v. Railway, *supra;* Parsons v. Mayfield, 73 Mo. App. 311; Finley v. Railway, 73 Mo. App. 643. That the master's duty is to furnish his servant with reasonably safe appliances and tools with which to do his work, and to use reasonable care to keep such tools

MASTER's duty.    and appliances in a safe condition, has been so often ruled by the appellate courts of this state, and is so well supported by the text writers and by the decisions of the state and federal courts, as to become axiomatic. To perform the duty of keeping tools and appliances in safe condition, reasonable inspections should be made, and tests also when necessary. Gutridge v. Railway, 105 Mo. 520. The employer, or master, in this case undertook to perform that duty, according to the testimony of one of the defendants, on the evening previous to the accident, by directing or permitting one of his brick-layers to inspect the ladder; this inspection found the very rung which gave way in a loose and unsafe condition, and he undertook to make it safe, but in doing this he did not pursue what the witnesses say was the proper and safe method of repair, i. e., by driving out the old and loose nails, and driving in larger ones, but he drove up the old ones and drove insufficient wire nails, which pulled out under the strain of plaintiff's handhold in swinging around the ladder. Taking into view the position in which the ladder was placed, necessitating an unusual strain on its rungs by the hod carriers swinging themselves by a handhold to gain a steady footing on the ladder, the jury may have very readily come to the conclusion, that the rung which gave way was carelessly and negligently repaired and left in an unsafe condition. Were the defendants liable for this negligence; in other words, was the person who repaired the ladder a fellow servant or a vice-principal as to this particular act? One of the defendants testified that the ladder was repaired the evening before the accident by one of the hands; he shows by his testimony that he had knowledge of both

FELLOW servant:
vice-principal.

the fact that the repairing was done and by whom done, from this the reasonable inference is that it was done by his direc-tion and by a person delegated by him to do it, who in such circumstances became a vice-principal. Dayharsh v. Railway, 103 Mo. 570; Rowland v. Railway, 20 Mo. App. 463; Dutzi v. Geisel, 23 Mo. App. 676. Our conclusion is that while the plaintiff's case was not clearly made out, there was sufficient evidence to go to the jury, and that the trial court properly refused the defendants instructions in the nature of a demurrer to the evidence, and the judgment is affirmed.