CHARLES C. CRONE, Respondent, v. MISSISSIPPI VALLEY TRUST COMPANY, Appellant.

St. Louis Court of Appeals, November 20, 1900.

1. Commissions of Real Estate Agent. In the case at bar Lienhop, through the agency of the respondent was induced to commence negotiations for the purchase of certain property, and the fact that he (Lienhop), completed the purchase through his agents, by direct negotiations with the appellant, without the knowledge of the respondent, can not deprive respondent of his right to commissions.

2. ———: VARIANCE OF PRICE. Nor can the fact that the appellant raised the price from what respondent was authorized to sell, deprive respondent of his right to commissions on the sale made.

3. ———: ———: INSTRUCTION: PROCURING CAUSE: VERDICT: PRACTICE, APPELLATE. The instruction in the case at bar, given by the court, is in harmony with the law, and it was for the court, sitting as a jury to say whether or not the respondent was the procuring cause of the sale, and its finding will not be disturbed by this court on appeal when there is any evidence to support it. In this case the evidence is all one way in favor of respondent.

Appeal from the St. Louis City Circuit Court.—*Hon Pembrook R. Flitcraft,* Judge.

AFFIRMED.

*Kehr & Tittman* for appellant.

(1) Respondent was not the procuring cause of the sale to Lienhop. It will not suffice for his act to be one of the chain of causes; it must be the procuring or inducing cause, or, as has been said, "it must be the *causa causans.*" Ramsay v. West, 31 Mo. App. 676; Pollard v. Banks, 67 Mo. App. 187; Seebold v. Bethlehem Iron Co., 83 N. Y. 378. (2) The evidence shows that respondent was to find a purchaser of the property at the price of $12,000. To earn his commissions he must have provided a purchaser ready and willing to purchase on the terms prescribed by the seller. As he failed in this, he is not entitled to commissions. He must stand or fall on his contract. Blackwell v. Adams, 28 Mo. App. 61; Reiger v. Bigger, 29 Mo. App. 421. (3) Lienhop, the purchaser, broke off negotiations with the respondent. The property was afterwards sold to him

through the agency of other brokers who were the procuring cause of the sale. Hence, respondent is not entitled to commissions. Livzey v. Miller, 61 Md. 336; Armstrong v. Wann, 29 Minn. 126; Lipe v. Ludewick, 14 Ill. App. 572.

*Lubke & Muench* for respondent.

(1) The plaintiff did not undertake the sale of the property in question "with the understanding that he would not look to appellant for his commissions." There is nothing to justify such an hypothesis, not even the fact that, in the first attempted sale, the defendant had insisted that the would-be purchaser should pay plaintiff's commission. Nothing was said with reference to commissions on any future sale; and we find, as a matter of fact, that when defendant sold the property to plaintiff's customer, the commission of two and one-half per cent was paid out of the $11,000, for which the sale was agreed to be made. (2) Plaintiff was the procuring cause of the sale to Lienhop, within the meaning of the decisions in this state. It was he who found the purchaser, and made him acquainted with the property. He is entitled to a commission, even though the final negotiations may have been conducted and concluded by another, or the terms of sale varied by the owner. Bell v. Kaiser, 50 Mo. 150; Tyler v. Parr, 52 Mo. 249, 250; Timberman v. Craddock, 70 Mo. 638; Gelatt v. Ridge, 117 Mo. 553, 560.

BLAND, P. J.—The amended petition after alleging appellant's incorporation, continues as follows:

"That heretofore, to-wit, in the year 1898, the defendant engaged plaintiff to procure for it a purchaser for certain property situated in the city of St. Louis, at the corner of Kossuth avenue and Peck street in said city then in its

charge, promising and agreeing to pay plaintiff a commission of two and one-half per cent upon the selling price of said property, in consideration of finding such purchaser, which was then and there the reasonable value thereof.

"That in obedience to his said employment, plaintiff did find a purchaser for said property, who, thereupon, on the —— day of —— 1899, did purchase from the defendant said property at the sum of ten thousand seven hundred and twenty-five dollars ($10,725), whereby plaintiff became entitled to receive from the defendant the sum of $268.10, being his commission of two and one-half per cent upon such purchase price.

"That although often demanded, the defendant has hitherto wholly failed and refused to pay plaintiff the said sum of money so due to him.   Wherefore he prays judgment against defendant for said sum of $268.10 together with interest and costs."

The answer was a general denial.  The issues were submitted to the court sitting as a jury.  At the close of plaintiff's case defendant offered an instruction of nonsuit, which was denied, and at the close of all the evidence defendant asked the court to instruct that plaintiff under all the evidence could not recover.   This instruction was refused, and the court gave on behalf of plaintiff the following instruction, to-wit:

"The court declares the law to be that if it appear from the evidence that more than a year before the sale of the property in question, the defendant instructed or authorized the plaintiff to find a purchaser for said property at a price then fixed; that defendant was aware that plaintiff thereafter did make and continue efforts to procure such purchaser for defendant, did not revoke such instruction or authority; and if it further appears that pursuant to such

instruction or authority, the plaintiff did make Lienhop, the purchaser, acquainted with said property, and the conditions upon which the same might be purchased *and who was the owner thereof,* and that in consequence of plaintiff's action in that regard, said Lienhop was induced to purchase said property, then the plaintiff is entitled to recover herein, even though said purchaser may thereafter have employed other agents to procure the property from the defendant direct, and though defendant may have sold said property to Lienhop at a price less than that given to plaintiff and may not have known at the time of making its contract of sale to Lienhop, that plaintiff was the procuring cause of Lienhop's desire or readiness to purchase," to the giving of which defendant duly excepted at the time. The court rendered judgment in plaintiff's favor for $278.15. After an unavailing motion for new trial plaintiff appealed.

The assignments of error may all be embraced under one head, to-wit, that the evidence is insufficient to warrant a finding of the issues for respondent.

Summarily stated the evidence is, that the appellant, as administrator of the estate of August Brueggemann, had procured an order from the probate court of the city of St. Louis, to sell certain real estate situated on Twenty-fifth street and Kossuth avenue in said city; that Breckenridge Jones, appellant's vice-president, in the early part of 1897, put this property into the hands of respondent, who is a real estate agent, for sale; that sometime in the year 1897 respondent bargained the property to one Wilhelmy for $10,725. It was discovered that there was an outstanding dower interest in the property, and for this reason Mr. Wilhelmy refused to consummate the purchase. When this occurred Mr. Jones told appellant that he would have to sell the property for $12,000, and that the trust company could not pay

any commissions. Respondent changed the price of the property on his sale book to $12,000, as instructed by Mr. Jones. Sometime in December, 1898, John Lienhop desiring to invest in real estate called at respondent's office for information about real estate he had for sale. Respondent called Lienhop's attention to this property, took his name and address, and in a day or two, as previously arranged, sent his salesman, Francis H. Brinkman, to Lienhop to show him the property. Lienhop accompanied Brinkman to the property, Lienhop examined it, said the price was too high, and that he was in no hurry to buy. Brinkman met Lienhop often after this and urged him to buy the property, but was put off by Lienhop, with the remark that the price was too high and that he was in no hurry to buy. Early in January, 1899, Lienhop called on Bogard & Boettger, real estate agents, with whom he had had dealings and was well acquainted, and asked them to see at what price they could buy the property of appellant for him. They called on the appellant, and were referred to Eugene Benoist, appellant's real estate agent. After some negotiations Bogard & Boettger purchased the property of appellant for Lienhop for $11,000; the deed recited a consideration of $10,725, the remainder $275, was taken out as commissions, and was equally divided between the firm of Bogard & Boettger and Benoist. The sale was reported to and approved by the probate court. The deed was made March 21, 1899. Respondent was in total ignorance of the transaction had between Lienhop and Bogard & Boettger, until after the execution and delivery of the deed, and only learned of it when he called upon appellants about the rents of the property which he, as agent of appellant, had collected for several years. Neither was the firm of Bogard & Boettger informed that respondent had the property for sale, until after they had made the

purchase for Lienhop. There was evidence that two and one-half per cent of the purchase price was a reasonable commission for making a sale of real estate in the city of St. Louis.

1. Lienhop, through the agency of the respondent, was induced to commence negotiations for the purchase of the property, and the fact that he (Lienhop) completed the purchase through his agents, by direct negotiations with the appellant, without the knowledge of respondent, can not deprive respondent of his right to commissions. Wright v. Brown, 68 Mo. App. 577; Goffe v. Gibson, 18 Mo. App. loc. cit. 4; Tyler v. Parr, 52 Mo. 249. Nor can the fact that the appellant varied the price from what respondent was authorized to sell, deprive the respondent of his right to commissions on the sale as made. Stinde v. Blesch, 42 Mo. App. 578; Grether v. McCormick, 79 Mo. App. 325. The instruction given by the court is in harmony with the foregoing cases, and it was for the court, sitting as a jury, to say whether or not the respondent was the procuring cause of the sale, and its finding will not be disturbed by this court on appeal when there is *any* evidence to support it. Chouquette v. Railroad, 152 Mo. 257; Huth v. Dohle, 76 Mo. App. 671; Parsons v. Mayfield, 73 Mo. App. 309. The evidence is all one way, that through the instrumentality of respondent, Lienhop's attention was called to the property and negotiations for its sale were commenced, and also that Lienhop kept his eye on this property and retained his desire to purchase it from the day it was shown to him by respondent's salesman, until he finally made the purchase.

2. But it is contended by appellant that as respondent was informed by Mr. Jones that no commissions could be paid by the trust company there was no agreement or understanding to pay any commissions; in other words that re-

spondent's services were to be gratuitous. In the light of the testimony and of what subsequently was done in the sale of the property, we are not inclined to the opinion that Mr. Jones intended to give respondent to understand that he could not be paid for his services, nor that respondent understood from the remark made by Jones that his services were to be gratuitously rendered. The remark was nothing more than notice to respondent that the commissions should be deducted from the selling price, and that the sale should be reported to the probate court at the sum bid by the purchaser, less the commission, as was done when the sale was actually made. We think the verdict of the court is supported by the evidence, and affirm the judgment. All concur.