Waggoner v. City of South Gorin.

---

BERT F. WAGGONER, Respondent, v. CITY OF SOUTH GORIN et al., Appellants.

### St. Louis Court of Appeals, March 4, 1901.

1. **Nuisance:** CITY, ACTION AGAINST, FOR DAMAGES: ORDI-NANCE. While a city, under an ordinance by its council, may have the right to prevent, remove or abate a nuisance, yet it should not deprive a party of the use of his property, except in extreme cases when absolutely necessary to abate a continuing nuisance.

2. ———: ———: ———: JURY, INSTRUCTION TO. It was therefore proper to instruct the jury as was done, that the nuisance could have been abated by a drain, and that the filling up of the basement of the barn with dirt, was unauthorized.

3. ———: ———: REFUSAL OF INSTRUCTION, ERROR. As the jury should have been instructed that the city had the power under the law to protect the general health of its inhabitants, and to that end prevent, remove or abate a nuisance, the refusing of an instruction by the court declaring the law to be such, was error.

Appeal from Scotland Circuit Court.—*Hon. Edwin R. McKee,* Judge.

REVERSED AND REMANDED.

*J. W. Waters* and *J. M. Jayne* for appellants.

(1) The court instructs the jury that the city of South Gorin had the right, under the law, in order to secure to its inhabitants thereof the general health of the city, to prevent

and remove nuisances, therefore, if you shall believe from the evidence that the basement of the building in controversy, had become in such condition by reason of water, horse manure and other filth having accumulated therein and by reason of which it stunk and was dangerous or detrimental to the public health of the inhabitants thereof; then the city had a right to prevent and abate the same.    This instruction should have been given, as our statutes expressly provide that cities of the fourth class in this State have authority to abate and remove nuisances. Sec. 5964, R. S. 1899. (2) The instructions given at the instance of the respondent were erroneous and misleading.    They in effect told the jury that the city of South Gorin had no right to fill in the basement of the barn.    This we claim was gross error.    Kirchgrober v. Lloyd, 59 Mo. App. 59; Whipple v. McIntyre, 69 Mo. App. 397.    (3) The law makes it the absolute duty of this city (and this law applies to cities of the fourth class) to remove a nuisance created within its limits, and holds it liable for damages resulting from a neglect of that duty.    Sallee v. St. Louis, 152 Mo. 615.

*Berkheimer & Dawson, J. D. Smoot* and *N. M. Pettingill* for respondent.

(1)  When the defendants undertook to abate the nuisance in question, it did so at its peril.    Beach on Municipal Corporations, sec. 1020.    They occupy the same position as private individuals.    (2) The virtual effect of such an abatement is to deprive the owner of his property without due process of law, and besides, it confers judicial power upon the board of trustees, or aldermen.    (3) The right to abate a nuisance is more upon the theory of self-defense.    Raymond v. Fish, 51 Conn. 99. This was the abatement of a nuisance by the virtual destruction of the property, and was the taking of property for public

use, which could only be done by compensation.    Beach on Municipal Corporations, sec. 1022.

BLAND, P. J.—Omitting caption the petition is as follows:

"Plaintiff for cause of action says that the city of South Gorin is now and for more than one year last past has been a municipal corporation of that name, duly established, organized and incorporated as a city of the fourth class under and by virtue of the laws of the State of Missouri in such case made and provided, and is situated in the county aforesaid. That plaintiff now is and for the past year has been the owner of a certain parcel of ground situated in the said city of South Gorin, upon which was erected a valuable building, built and used for a livery stable for the purpose of keeping horses for hire and for feeding and general livery purposes and was especially adapted to such purposes and for no other. That said lot upon which such stable was erected as aforesaid was and is measured and bounded as follows to-wit: Beginning at a point one hundred and six feet west of the southeast corner of section eight, in township sixty-four, range ten in the county aforesaid, running thence north one hundred and twenty feet, thence west forty-four feet, thence south one hundred and twenty feet, thence east forty-four feet to the point of beginning, all in the county and state aforesaid. That said building at the time of the committing of the grievances hereinafter mentioned, was of the value of two thousand dollars. That the stable proper, wherein horses were boarded and kept for hire, was in the basement of said building, which basement was thirty feet wide and sixty feet long and about ten feet high. That on or about the first day of June, 1898, the above-named defendants, with force and arms entered upon said premises and wrongfully and without right and against the will of the plaintiff, and wrong-

Waggoner v. City of South Gòrin.

fully hauled earth to the basement of said building and filled the same up with earth, destroying the basement room of said building and rendering the same wholly worthless.

"Wherefore, plaintiff says by reason of the wrongful acts of said defendants in so filling up the said basement of said stable as aforesaid he is damaged in the sum of one thousand dollars for which he asks judgment."

The answer, omitting the caption, is as follows:

"Now at this day come the defendants and for their amended answer to plaintiff's petition admit that the city of South Gorin is now and has been for more than one year last past a municipal corporation of that name, duly established, organized and incorporated as a city of the fourth class, under and by virtue of the laws of the State of Missouri in such cases made and provided and is situated in said county and state.

"Defendants for further answer deny each and every other allegation in plaintiff's petition not herein admitted to be true.

"Defendants for further answer state that their co-defendant the city of South Gorin, and by virtue of the laws governing such cities of the fourth class have a right to make and pass, and is authorized to make and pass ordinances to regulate and to secure to its inhabitants the general health of the city and to prevent, abate and remove nuisances and in accordance with the aforesaid authority, the said city of South Gorin did prepare and legally pass an ordinance to secure to its inhabitants health and to prevent disease and sickness, to abate and remove all nuisances within the limits of the aforesaid city which were liable to engender disease and injure the health of the inhabitants of said city.

"Defendants for further answer state that there was located within the limits of the aforesaid city and joining up to one of the thoroughfares or streets of said city and within a thickly populated portion of said city, a building with a base-

Waggoner v. City of South Gorin.

ment; which building was and had been used as a livery stable in which was and had been kept horses which had been fed and kept therein, and being the same building plaintiff refers to in his petition and that the occupants of said building negligently suffered horse manure to accumulate in the basement thereof to the depth of one foot or more and did carelessly and negligently permit filth to accumulate in said basement and suffered rats to congregate in said filth and manure so accumulated as aforesaid and carelessly and negligently suffered and permitted said basement to become filled up with water to the depth of three feet or more which drowned the rats so congregated therein and wet said manure and filth and permitted the same to stand in that condition until it stunk and from which an obnoxious odor would arise, which was injurious to the health of the inhabitants of said city and caused disease to the inhabitants thereof and was and became a nuisance and in accordance with the aforesaid ordinances of said city, the said city ordered said basement filled in with earth to prevent the arising of said obnoxious odors and to remove and abate aforesaid nuisance as provided by said ordinances, of all of which facts plaintiff had had due notice.

"Defendants for further answer state that there was located within the limits of aforesaid city and joining up to one of the thoroughfares or streets of said city and within a thickly populated portion of said city, a building with a basement, which building was and had been used as a livery stable and being the same building referred to by plaintiff in his petition and involved in this suit, and that the basement of said building was so constructed as to become and was a nuisance per se and that on account of such location and defective construction of said basement and building, filth would necessarily accumulate therein and on account of such filth so accumulating, obnoxious odors and impure vapors would arise therefrom and

destroy the comfort of occupants of adjacent property and endanger the health of such occupants and diminish the value of such adjacent property, and that by reason of the location and the construction of said basement as aforesaid, said nuisance as aforesaid could not have been removed without resorting to filling same up in the manner and form as aforesaid and in filling same up, defendants claim that the city used due care and with a view to preserve said property and to secure to its inhabitants the general health of said city and to preserve and protect the health of occupants of adjacent property and preserve the value thereof.

"Having fully answered, defendants ask to be discharged with costs."

The undisputed evidence is that the city of Gorin passed the following ordinance: "Ordinance No. 13, presented by A. H. Mackey as follows: Be it ordained by the board of aldermen of the city of South Gorin, Scotland county, Missouri, that as the basement of the barn on the property owned by Bert Waggoner to-wit: forty by ninety feet southeast corner, southeast quarter of section eight, township sixty-four, range ten west, is full of water and filth and not kept in good sanitary condition. It is hereby declared a nuisance and that it shall be drained or moved and the lot filled up within thirty days." After having been read three times, on motion by J. A. Williams seconded by Henry Beckman ordinance No. 13 was adopted, all members voting yea, and was approved by the mayor, May 3, 1897. In pursuance of the ordinance the appellants filled up the basement of respondent's stable with dirt at a cost of $100.

It was virtually admitted on the trial by respondent—as the great weight of the testimony tends to show—that the basement of his stable before it was filled up was a nuisance. The contention on the trial was that the appellants might and

should have constructed a drain from the basement to a nearby stream to carry off the water and that by doing this and by removing the manure and filth the basement would have been inoffensive. On this theory of the case the court instructed the jury as follows:

"The court as a matter of law declares that the city council of the defendant city had no power nor authority nor right to finally and conclusively pass upon the question whether said barn was a nuisance or not, but this jury from all the evidence in this case must determine that question and although you may believe and find from the evidence in this case that said basement was a nuisance, yet, if you further believe and find that said basement could have been made and kept reasonably sanitary and clean by draining and cleaning out the filth then said city council had no right nor authority to enter into and fill the said basement with dirt or authorize any one to do so, and your finding should be for the plaintiff if you so believe.

"Although the jury may believe from the evidence in the cause that the basement of the barn in question was filthy and water had accumulated therein, and an obnoxious odor emitted from same, and by reason of all these things said basement became and was a nuisance, yet if the jury further believe and find from the evidence that said basement could have been drained and by proper care and management kept reasonably clean and dry, then the defendants had no right to fill said basement with dirt and your finding should be for the plaintiff if you so believe.

"The burden of proving the basement was so constructed that on account of such defective construction filth would necessarily accumulate therein, and on account of such filth accumulating, obnoxious odors or impure vapors would arise therefrom and destroy the comfort of occupants of adjacent

property or endanger the health of such occupants, or diminish the value of such adjacent property, and unless you find from the greater weight of the evidence in the cause your verdict will be for the plaintiff.

"And you are further instructed that though you should find the issues for the defendant above outlined, yet if you further find that said cause of impure or obnoxious vapors could have been removed without resorting to filling and destroying the use of basement, you will find for the plaintiff. And it devolves upon the defendant to establish that it could only be so done by the greater weight of the evidence in the cause.

"Although the jury may believe from the evidence in the cause that the property in controversy was a nuisance by reason of the manner in which it was used and the accumulation of water therein, and although they may further believe that the defendant passed an ordinance authorizing the filling of said cellar, yet if the jury believe from all the evidence in the cause that said cellar could have been made reasonably safe and sanitary by drainage, then the defendant had no right to fill the same up and their acts in so doing was not warranted and the finding of the jury should be for the plaintiff.

"The jury are instructed that they are the sole judges of the weight of the testimony and the credibility of the witnesses and in passing on the testimony of any witness they have a right to take into consideration his means of knowledge his opportunity of knowing the facts of which he testified, and it is your duty to decide this case according to the weight of the testimony, taking into consideration all the facts and circumstances detailed in evidence; and the weight of the testimony does not necessarily mean the number of witnesses, but it means that weight which can be deduced from the whole facts and circumstances sworn to in the case.

"The jury are instructed that if they find for the plaintiff, then the measure of the actual damage, if any is sustained by the plaintiff, is the difference of the value of the property before the harm was done and its value in the condition produced by the injury."

And refused the following instructions asked by appellant:

"The court instructs the jury that the city of South Gorin had the right under the law in order to secure to its inhabitants thereof the general health of the city, to prevent and remove nuisances, therefore, if you shall believe from the evidence that the basement of the building in controversy had become in such condition by reason of water, horse manure and other filth having accumulated therein and by reason of which it stunk and was dangerous or detrimental to the public health of the inhabitants thereof, then the city had a right to prevent and abate the same.

"The court instructs the jury that if you shall believe from the evidence that the basement of the building in controversy had become in such condition by reason of water, manure, and other filth having been permitted to accumulate therein and by reason of which it stunk and an obnoxious odor arose therefrom so as to cause disease and was detrimental to the public health of the inhabitants of the city of South Gorin, then the said city had a right to abate the same and your verdict shall be for defendants."

I.   The evidence is conflicting as to the practicability of draining the basement, and it is contended by appellants that the evidence, taken altogether, shows that this could not have been done.   The question was one for the jury; their verdict negatives this contention, and there being some evidence in support, we are not at liberty to disturb the verdict

Vol 88 app—3

for insufficient evidence.    Gannon v. Laclede Gas Light Co., 145 Mo. 502; Huth v. Dale, 76 Mo. App. 671; Kohn v. Troll, 72 Mo. App. 321.

II.    The filling up of the basement with earth deprived the respondent of its use, and if the nuisance could have been abated in some other way, and one that would not have deprived respondent of the use of his property, it was the duty of appellants to have resorted to the less injurious method. The power to abate does not carry with it the power to destroy property, except in extreme cases when absolutely necessary to abate a continuing nuisance.    1 Dillon on Municipal Corporations, sec. 378; 2 Beach on Public Corporations, sec. 1020; Allison v. City of Richmond, 51 Mo. App. 133.    It was, therefore proper to instruct the jury as was done, to the effect that if the nuisance could have been abated by a drain, etc., that the filling up with dirt was unauthorized.

III.    The refusal of the court to give instructions asked by appellant is assigned as error.    The instructions correctly stated the law.    R. S. 1899, sec. 5964.    The right of the city to abate nuisances was put in issue by the reply to the answer and while the right was not contested on the trial, and the instructions seem to concede the right, yet, there was nothing before the jury to distinctly and clearly inform them that the city possessed the right.    Appellants were entitled to have the jury clearly instructed on this issue and the refused instructions should have been given, their refusal was prejudicial error.    Wherefore, the judgment is reversed and the cause remanded.    All concur.